TOM GALLOS AND WIFE, RITA A. GALLOS v.
PHILLIP LUCAS AND WIFE, ANNABELLE LUCAS.

(Filed 4 May, 1960.)

**Mortgages § 30—**

  The fact that the trustee's sale upon foreclosure of a deed of trust was not reported within five days as directed by G.S. 45-21.26 does not deprive the clerk of jurisdiction to thereafter order a resale based on a raised bid, G.S. 45-21.29, and the purchaser at the resale acquires title upon the execution of deed to him, the foreclosure being regular in all other respects.

APPEAL by defendants from *Crissman, J.,* November 9, 1959 Civil Term, of GUILFORD (High Point Division).

Plaintiffs allege they are the owners of lands in High Point wrongfully occupied by defendants. The determinative facts were stipulated. Defendants, owners of the land, conveyed the same in trust to secure their note. They failed to pay their debt, and, upon demand of the creditor, the trustee advertised and sold the property on 13 April 1959, at which time plaintiffs were the high bidders at the sum of $15,500. The sale so made was reported to the clerk of the Superior Court 22 April 1959.

In addition to the foregoing summarized facts, the parties stipulated: "That within ten days allowed by law an advance bid was filed with the Clerk of the Superior Court of Guilford County, North Carolina, and an order issued by said court directing said substituted

GALLOS *v.* LUCAS.

trustee to resell said properties described hereinbefore; that after due advertisement a re-sale was had at public auction to the highest bidder for cash at the front door of the county building in the City of High Point, North Carolina, on May 15, 1959, when and where Tom Gallos became the last and highest bidder at the price of $16,-350.00 and made a cash deposit as required by law; that a report of such re-sale was duly filed in the office of the Clerk of the Superior Court of Guilford County, North Carolina, on May 19, 1959; that said matter remained open for more than ten days and no advance bid was made; that said sale was confirmed by the court and the trustee directed to execute and deliver a deed to said Tom Gallos or his nominee upon receipt of the purchase price; that said purchase price was paid and a deed in fee simple to the properties described heretofore was executed to the plaintiffs on June 5th, 1959; that a copy of said deed is attached hereto marked 'Exhibit A' and made a part of this Agreed Statement of Facts."

The court adjudged plaintiffs the owners and defendants appealed.

*Louis J. Fisher for plaintiff appellees.*
*Morgan, Byerly & Post for defendant appellants.*

PER CURIAM. Determinative of the appeal is this question: Did the failure to report the sale made 13 April 1959 within five days as directed by G.S. 45-21.26 render the subsequent sale void? The answer is no.

If a trustee fails to report within the five days directed by the statute, the clerk may compel a report. G.S. 45-21.14. When the clerk assumes jurisdiction and orders a resale based on a raised bid, his orders are not void. One who purchases and receives a deed for the property pursuant to such orders acquires a good title. G.S. 45-21.29.

Affirmed.